IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID BLADE CLAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-12-1106-C |
| | ) | |
| OKLAHOMA DEPARTMENT OF | ) | |
| CORRECTIONS, JOHN LILLEY | ) | |
| CORRECTIONAL CENTER, | ) | |
| STEVE YOUNG, Chief of Security, | ) | |
| John Lilley Correctional Center, | ) | |
| KYLE NORMAN, Lieutenant, | ) | |
| John Lilley Correctional Center, | ) | |
| AARON BROWN, Correctional | ) | |
| Officer, John Lilley Correctional | ) | |
| Center, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION

Three Reports and Recommendations ("R&R") have been entered by Judge Mitchell, one on June 19, 2013, recommending denial of his requests for stay, temporary restraining order, and "a hold on any and all extradition proceedings" (Dkt. No. 43), and two on August 30, 2013, recommending denial of declarative and injunctive relief and temporary restraining order (Dkt. No. 56), and, as to Defendants Brown, Norman, and Young, dismissal without prejudice of all official capacity claims against these three Defendants and summary judgment on individual capacity claims against them (Dkt. No. 55). Due to several changes of address, most of the summer was spent remailing notices to Plaintiff at various addresses,

but eventually Plaintiff received the relevant pleadings and filed several requests for extensions, the last of which expired on November 12, 2013. Since August 30th, he has filed pleadings captioned "Notice of Objection to Document 56" (Dkt. No. 62) and "Exhaustion of Administrative Remedy" (Dkt. No. 63)[*].

The Court considers Plaintiff to have timely objected to the R&R, Dkt. No. 56, and because both his pleadings also contain argument objecting to summary judgment, will treat them as a timely Objection to the R&R, Dkt. No. 55, as well. These matters will be considered de novo. Plaintiff has failed to object to the June 19th R&R (Dkt. No. 43), and that portion of the August 30th R&R recommending dismissal of official capacity claims, and those recommendations will be adopted.

Plaintiff does not dispute the facts as set out in either R&R and, moreover, does not offer any argument of law in contradiction of the conclusions recommended by Judge Mitchell. Rather, he sets out, again, the circumstances he argues should excuse exhaustion, which were addressed and properly rejected in the Aug 30th R&Rs, and offers belated proof of exhaustion. This so-called proof does not assist him. First, it appears the grievance concerns an incident occurring after the filing of his complaint and does not include most of the matters his complaint addresses. More importantly, however, as Judge Mitchell noted in the R&Rs, a plaintiff is required to <u>complete</u> the exhaustion process before suit may be instituted. Little v. Jones, 607 F.3d 1245, 1249 (10th Cir. 2010). In short, Plaintiff has failed

---

[*]This pleading is identified on the Court's docket as "MOTION to Reverse Decision, Court to Appoint Counsel, and Plaintiff has Exhausted his remedies."

2

to raise any argument of fact or law which would require or permit any result other than that recommended by Judge Mitchell.

Accordingly, the Court adopts, in its entirety, the Reports and Recommendations of the Magistrate Judge (Dkt. Nos. 43, 55, and 56), and for the reasons announced therein, the claims against Defendants Brown, Norman, and Young in their official capacities are dismissed without prejudice under the Eleventh Amendment, and summary judgment is granted for Defendants Brown, Norman, and Young and against Plaintiff on the individual capacity claims, based on Plaintiff's failure to exhaust administrative remedies. All pending motions are denied. A judgment will enter at the conclusion of the case.

The case is recommitted to Judge Mitchell consistent with the original Order of Referral.

IT IS SO ORDERED this 4th day of December, 2013.

ROBIN J. CAUTHRON
United States District Judge