IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

DAVID BLADE CLAY,            )
                             )
             Plaintiff,      )
                             )
     vs.                     )     No. CIV-12-1106-C
                             )
OKLAHOMA DEPARTMENT OF       )
CORRECTIONS et al.,          )
                             )
             Defendants      )

ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff brought the present action pursuant to 42 U.S.C. § 1983, seeking recompense for alleged violations of his Constitutional rights while he is incarcerated. Consistent with the provisions of 28 U.S.C. § 636(b)(1)(B), this action was referred to United States Magistrate Judge Suzanne Mitchell. Judge Mitchell entered a Report and Recommendation ("R&R") on December 12, 2013, to which Plaintiff timely objected (Dkt. No. 70).

The facts and law are accurately set out in the Magistrate Judge's Report and Recommendation and there is no purpose to be served in repeating them yet again. Judge Mitchell noted that any claim against the remaining Defendants,[*] the Oklahoma Department

---

[*] By prior Orders, Plaintiff's claims against the individual Defendants in their official capacities were dismissed pursuant to the Eleventh Amendment and they were granted summary judgment on the individual capacity claims based on failure to exhaust administrative remedies.

of Corrections and the John Lilley Correctional Center, is barred by the Eleventh Amendment.

Turning to Plaintiff's Objection, the arguments raised by Plaintiff are attempts to revive his claims against the individual Defendants. Plaintiff offers no argument to counter Judge Mitchell's determination that his claim against the Oklahoma Department of Corrections and the John Lilley Correctional Center is barred by the Eleventh Amendment. While Plaintiff argues that he has brought an individual capacity claim against the John Lilly Correctional Center, that argument lacks merit, as an individual capacity claim cannot be brought against an agency.

Plaintiff also requests leave to amend his Complaint to drop certain claims in an attempt to avoid the result of prior Orders from the Court. Plaintiff's request will be denied. First, to the extent the request to amend seeks to alter decisions made in prior Orders, it is in essence an objection to the R&R on which those Orders were based. Because the Objection is untimely, it has been waived. See Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). Second, the requested amendment violates LCvR 7.1(c), in that the request to amend is a request separate and apart from the objection to the present R&R. Moreover, Plaintiff's requested amendment would be futile, for the reasons stated in the separate Order addressing his related motion to amend (Dkt. No. 69).

For the reasons set forth herein, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge (Dkt. No. 65), and for the reasons announced therein, DISMISSES without prejudice Plaintiff's claims against the Oklahoma Department

of Corrections and the John Lilley Correctional Center as barred by the Eleventh Amendment. A separate judgment will enter accordingly.

IT IS SO ORDERED this 13th day of January, 2014.

ROBIN J. CAUTHRON
United States District Judge